**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 17-00038 |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)** |
| GAVIN REYES DUENAS, | |
| Defendant. | |

Before the court is Defendant Gavin Reyes Duenas' Pro Se Motion for a Renewed Reduction in Sentence Pursuant to First Step Act and 18 U.S.C. § 3582(c)(1)(A).[1] *See* Mot., ECF No. 65. Therein, Defendant moves the court to modify his sentence from eighty-seven months to time served, and to serve the remainder of the unserved portion under home detention as a condition of supervised release. *Id.* at 4. Having reviewed the record, relevant caselaw, and having heard oral argument from the parties, the court **DENIES** the motion.

**I.    Procedural Background**

On August 24, 2017, Defendant pled guilty to one count of Attempted Possession of Methamphetamine With Intent to Distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii). ECF Nos. 5, 6, 11. On August 26, 2019, Defendant was sentenced to a total of eighty-

---

[1] The Federal Public Defender was subsequently appointed to represent Defendant for purposes of this motion. *See* ECF No. 63.

seven (87) months imprisonment, followed by five years of supervised release. ECF No. 47. Defendant is located at Federal Correctional Instution La Tuna in Anthony, Texas and has an anticipated release date of November 15, 2024.[2]

On May 5, 2021, Defendant made an administrative request for compassionate release to the Warden at Federal Correctional Instutition La Tuna. On December 28, 2021, the Warden denied his request. Ex. 1 at 1, ECF No. 65-1. On January 20, 2022, Defendant filed the instant pro se Motion. ECF No. 65. Because the Federal Public Defender was appointed to represent Defendant, they subsequently field supplemental briefs. Defendant noted he suffers from asthma, diabetes, and obesity. ECF No. 67. Defendant was also provisionally diagnosed with liver disease. ECF Nos. 69, 69-1 at 2.

Altogether, Defendant argues that his medical conditions and the confirmed COVID-19 variants at Federal Correctional Instution La Tuna constitute extraordinary and compelling reasons to grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).

## II. Legal Standard

Pursuant to the First Step Act of 2018, a defendant can directly petition a court for a sentence reduction. First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). To grant a motion made pursuant to § 3582(c), a defendant must satisfy three requirements: first, a defendant must exhaust administrative remedies;[3] second, the court must find that "extraordinary and compelling reasons warrant such a reduction"; and third, the court must consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. 18 U.S.C. § 3582(c). As the moving party, the defendant bears the burden of demonstrating the sentence reduction is warranted. *United States v. Heffington*, 476 F. Supp. 3d 1042, 1046–47 (E.D. Cal. 2020).

---

[2] https://www.bop.gov/inmateloc/ (last visited August 2, 2022 at 9:36 AM).

[3] This first factor is not an issue. Defendant satisfied the administrative exhaustion requirement.

Courts have found that COVID-19 may present an "extraordinary and compelling" reason to grant a sentence reduction when the prisoner's health makes the prisoner particularly vulnerable should he contract COVID-19. *United States v. Burrill*, 445 F. Supp. 3d 22, 27 (N.D. Cal. 2020) (listing cases). However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

**III. Discussion**

    **a. "Extraordinary and Compelling Reasons" Requirement**

Finding the exhaustion requirement is met, the court must next determine if "extraordinary and compelling reasons" warrant reduction of Defendant's sentence. The court analyzes Defendant's (1) medical conditions and (2) risk of infection at Federal Correctional Instutution LaTuna.

        **1. Defendant's Medical Condition**

Here, Defendant argues that he is at an increased risk of a more serious COVID-19 infection because he suffers from asthma, diabetes, and obesity, and was provisionally diagnosed with liver lesions. ECF No. 69 at 1-2. The CDC recognizes that asthma, diabetes, obesity, and liver disease place an individual at either an increased risk or possible increased risk of severe illness from the COVID-19 virus.[4] Defendant's medical records only support his representation that he suffers from asthma, diabetes, and obesity, and that he is currently on medication to treat his asthma and diabetes. Ex. 3 at 3, 11, ECF 65-1. Defendant withdrew his provisional liver disease diagnosis at the August 2, 2022 hearing. *See* ECF No. 81.

Although it is true that Defendant's medical conditions place him at possible risk of complications if he were to contract COVID-19, it does not appear that his conditions rise to the level

---

[4] *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention (May 2, 2022), *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

3

of seriousness that would satisfy "extraordinary and compelling" reasons sufficient for compassionate release.[5] Conversely, a host of factors support a finding that Defendant's concerns are mitigated.

As it pertains to Defendant's asthma, the evidence shows Defendant is prescribed an inhaler with Albuterol. Ex. 10 at 11, ECF No. 65-1. His medical records show Defendant's asthma is under control and he rarely use his inhaler. Ex. 14 at 51-53, ECF No. 69-1; *see e.g.*, *United States v. Antoine*, 2020 WL 5064298, at *2 (S.D. Cal. Aug. 26, 2020) (denying compassionate release to 46 year-old inmate with moderate asthma and high liver enzymes who was prescribed an inhaler with Albuterol).

As it pertains to Defendant's diabetes, the evidence shows Defendant is prescribed Metformin. Ex. 10 at 11, ECF No. 65-1. "Although Type 2 diabetes is recognized as a COVID-19 risk factor, courts have routinely concluded that chronic conditions that can be managed in prison—such as Type 2 diabetes—are not a sufficient basis for compassionate release." *United States v. Larios Ornelas*, 2021 WL 4975425, at *2 (S.D. Cal. Oct. 25, 2021) (internal citations omitted).

Further, Defendant is vaccinated. Defendant received the Janssen vaccine on May 12, 2021 and was boosted with the Moderna vaccine on January 5, 2022. Ex. 14 at 99, ECF No. 69-1. The CDC states that vaccines are "effective in preventing COVID-19" and that "[g]etting vaccinated prevents severe illness, hospitalizations, and death."[6] COVID-19 vaccines also protect individuals from COVID variants.[7]

---

[5] *United States v. Strong*, 2021 WL 1033215, at *5 (D. Haw. March 17, 2021) (denying compassionate release to 34 year-old inmate with asthma, diabetes, obesity, and fybromyalgia); *United States v. Hughes*, 2021 WL 4318336, at *1 (E.D. Cal. Sept. 23, 2021) (denying compassionate release to inmate with asthma, **liver disease**, obesity, heart conditions, and chronic obstructive pulmonary disease); *United States v. Pope*, 2020 WL 7129445, at *1-2 (denying compassionate release to 39 year-old inmate who has abnormal blood chemistry, obesity, and Hepatitis C); *United States v. Davis*, 2021 WL 1030152, at *3 (D. Or. March 17, 2021) (denying compassionate release to 36 year-old inmate with type 2 diabetes, obesity, hypertension, and hyperlipidemia who also received nonconclusive results indicating that he may have liver disease).

[6] https://www.cdc.gov/aging/covid19/covid19-older-adults.html (accessed August 2, 2022 at 9:52 AM).

[7] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (accessed August 2, 2022 at 9:55 AM).

Thus, given Defendant's age (37 years-old) and vaccination status, as well as BOP's proper treatment of his asthma and diabetes, the court finds that Defendant's remaining medical condition, obesity, "alone fails to significantly increase his risk from COVID-19 to constitute extraordinary and compelling reasons for release." *United States v. Wells*, 2020 WL 5118165, at *2 (W.D. Wash. Aug. 31, 2020).

Accordingly, Defendant's conditions do not rise to the level of being "extraordinary and compelling" reasons to warrant a reduction of Defendant's sentence.

### 2. Defendant's Risk of Infection at Federal Correctional Instutution La Tuna

The court also takes into consideration the actual risk of infection at the facility Defendant is currently serving his sentence. *United States v. Rodriguez*, 454 F. Supp. 3d 224, 228 (S.D.N.Y. Apr. 14, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant attached a document to his motion indicating that as of November 5, 2021, Federal Correctional Institution La Tuna had ten confirmed COVID-19 infections. Ex. 4 at 5, ECF No. 65-1. As of the date of this order, there are ten confirmed active COVID-19 cases.[8] The facility has taken precautions and modified its operations pursuant to the BOP's plan to mitigate the risks of COVID-19 transmission in prisons. As a result, it is not evident that Defendant is at an increased risk of contracting COVID-19 to sufficiently merit a sentence reduction.[9]

---

[8] *BOP: COVID-19 update*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last accessed August 2, 2022 at 9:59 AM).

[9] *Id.*

5

**b. Section 3553(a) Factors**

Even if the court were to find that Defendant's medical conditions constitute "extraordinary and compelling" reasons to grant a reduction, the court must still consider the section 3553(a) factors and can find that compassionate release is not warranted if these factors are overriding. *United States v. Gotti*, 433 F. Supp. 3d 613, 615 (S.D.N.Y. 2020). The applicable factors include the nature and circumstances of the offense, the need for the sentence imposed, and the sentencing range as established by the Sentencing Commission. *United States v. Hernandez*, 795 F.3d 1159, 1168 (9th Cir. 2015).

Here, Defendant pled guilty to attempting to possess 3,113.9 grams of methamphetamine over 98% purity, with intent to distribute, and was sentenced to eighty-seven months of imprisonment. ECF Nos. 4, 6, 47. Defendant indicates that "[t]his first trip to prison was a needed wake-up call" and that he "fully understands that if he were to violate any terms of his supervised release or reoffend, he will be sent back to prison." ECF No. 69 at 4. Defendant also indicates that he "has two young sons that are his incentive to follow all of the conditions of his supervised release. He knows he won't have another chance if he violates or re-offends. He is a changed man." *Id*. at 16.

Defendant should have taken into account his children prior to committing his criminal offense. The court also notes that methamphetamine on Guam is often sold at a tenth of grams to end users. The 3,113.9 grams in this case represents over 31,000 potential single-use sales to methamphetamine addicts on island.

Defendant is convicted of a serious offense and has not demonstrated that he would not be a danger to the community if he were to be released. Defendant has only served approximately 2 years, 10 months and 26 days, or approximately 40%, of his eighty-seven months (7 years, 3 months) sentence. At this time, a permanent release would not "reflect the seriousness of the offense" nor "promote respect for the law." Thus, the court finds that the sentencing factors of 18 U.S.C. § 3553(a)

weight in favor of continued detention, and against permanent release so early in Defendant's term of imprisonment.

### IV. Conclusion

Based on the foregoing, Defendant's Pro Se Motion for a Renewed Reduction in Sentence Pursuant To First Step Act and 18 U.S.C. § 3582(c)(1)(A), ECF No. 65, is **DENIED**.



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Aug 03, 2022**